[L. A. No. 10943. In Bank.—March 17, 1931.]

## W. S. NAKAMURA, Respondent, v. BARNEY BALISH et al., Appellants.

Harry W. Horton for Appellants.

No appearance for Respondent.

THE COURT.—The defendants appeal from the judgment of the trial court in the plaintiff's favor for the sum of $3,000 for a lettuce crop upon 100 acres of land, alleged to have been sold and delivered to the defendants at the agreed price of $3,000, which the defendants have refused to pay. The answer of the defendants is a denial of the averments of the complaint and consists, by way of

further and affirmative defense, in certain averments as to the nature of the transaction out of which the alleged liability arose, which, however, the court, upon conflicting evidence, found to be untrue. The appellants filed an opening brief herein, to which the respondent has made no reply, nor has he made any response to the order to show cause herein why a respondent's brief has not been filed.

The alleged liability arose out of a written agreement in the following form:

"I, Barney Balish, this day bought from John Bunn and W. S. Nakamura for $3000.00, 100 acres lettuce at end of lettuce crop; Balish Bros. to give W. S. Nakamura 20 per cent net profits.

"B. Balish."

At the time the above agreement was signed B. Balish drew and delivered to the sellers of the lettuce crop a check for $1,000 as a payment upon the purchase thereof, but on the following day procured the return of said check by a subterfuge and then tore it up and repudiated the transaction; whereupon this action was brought.

The appellants upon this appeal contend that the transaction, as shown by the terms of the above agreement, was one between B. Balish personally and the sellers of the lettuce crop and was not a firm transaction. The agreement, it is true, purports to be the individual contract of Barney Balish and his name alone is signed thereto. It, however, contains an important clause purporting to bind Balish Brothers to share the profits of the transaction with one W. S. Nakamura. It is thus rendered uncertain as to whether or not it is to be treated as a copartnership agreement, and the trial court upon sufficient evidence concluded it to be a firm transaction. This conclusion will not be disturbed upon appeal.

The appellants further contend that the trial court was in error in rendering its judgment against the defendants for the entire purchase price of the lettuce crop, the contention in that regard being that the rule of damages governing such a transaction is that set forth in section 3311 of the Civil Code. The difficulty with this contention is that by the terms of said section it is made applicable to "the breach of a buyer's agreement to accept and pay for personal property", while in the instant case the plain-

tiff alleged, and the trial court found, that the defendants had accepted delivery of the lettuce crop at the time of the purchase thereof and at the agreed price of $3,000, no part of which had been paid. The evidence in the case, contained in a scant bill of exceptions, seems to be sufficient to sustain the foregoing finding of the trial court, and this being so the plaintiff would be entitled to recover in damages the purchase price of the personal property thus found to have been sold and delivered. There is, therefore, no merit in this appeal.

The judgment is affirmed.